IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00626-RJC

| | |
|---|---|
| NATASHA P. RICHARDS, <br> YVONNE C. RICHARDS. <br><br> Plaintiffs, <br><br> v. <br><br> CUNNINGHAM & COMPANY; <br> CITIMORTGAGE; <br> WELLS FARGO BANK; <br> GOVERNMENT NATIONAL <br> MORTGAGE ASSOCIATION; <br> GINNIE MAE; MORTGAGE <br> ELECTRONIC REGISTRATION <br> SYSTEM, INC.; DOES 1-100, <br> JOSEPH YANNI; JOHN HALEEM, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER** is before the Court on consideration of Plaintiffs' *pro se* complaint and the motion to proceed *in forma pauperis*.[1]

On or about March 28, 2008, Plaintiffs Natasha Richards and Yvonne Richards (the

---

[1] In addition to reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court must examine the complaint to determine whether this Court has jurisdiction and to ensure that the action is not (1) frivolous or malicious; or (2) that the complaint fails to state a claim upon which relief may be granted; or (3) that Plaintiff is seeking monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and (iii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners . . ."). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

"Plaintiffs") executed a Deed of Trust in favor of beneficiary Mortgage Electronic Registration System ("MERS") to secure a loan in the amount of $142,414.00 that Plaintiffs intended to use in the purchase of real property located at 2408 Garrison Road in Mecklenburg County, North Carolina (the "Property").[2] See (3:15-cv-00626, Doc. No. 3: Motion for Temporary Restraining Order at 4). Plaintiffs became delinquent in their mortgage payments and a special proceeding was filed to foreclose on the Deed of Trust on or about April 12, 2013, with the Mecklenburg County Superior Court (13SP2740). Following a hearing, the Clerk of Court entered an order foreclosing Plaintiffs' interest in the Property and the same was sold to CitiMortgage at public auction on November 6, 2014 for the price of $198,189.07. The Property was later sold to its present owners, Joseph F. Habib and John Haleem, on or about April 14, 2015. See (ROD, Book 29667, Page 344; Book 29929, Page 943).

In Plaintiffs' complaint, they allege a host of claims related to the foreclosure proceeding and sale of the Property which include a claim that the defendants lacked standing to foreclose, claims of fraud, intentional infliction of emotional distress, slander, and claims that the defendants violated federal law. (3:15-cv-00626, Doc. No. 1: Compl. at 1). In particular, the Complaint "disputes the title and ownership of the real property in question . . . which is the subject of this action, in that the originating mortgage lender, and others alleged to have ownership" of the Property "have unlawfully sold, assigned and/or transferred their ownership and security interest . . ." (Id. at 4 ¶ 15).

The public documents filed with the Mecklenburg County Register of Deeds indeed

---

[2] The Property and the Deed of Trust are described more fully in documents filed with the Mecklenburg County Register of Deeds ("ROD") in Book 23573, Pages 459-471. See http://meckrod.manatron.com. The Court takes judicial notice of documents filed with the ROD that relate to the Property. See Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004)).

2

demonstrate that Plaintiffs' interest in the Property was the subject of a foreclosure proceeding; that it was sold at public auction to CitiMortgage; and that it was conveyed to the present owners in April 2015. After considering the allegations in the Complaint, the Court finds that Plaintiffs' challenge to the State foreclosure proceeding is nothing more than a challenge to the validity of the State order of foreclosure. Accordingly, this Court declines to exercise jurisdiction to address the outcome of the State foreclosure proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, et al., 263 U.S. 413, 416 (1923). In other words, to grant relief on any of Plaintiffs' state law claims would require a finding that the State order of foreclosure is invalid. Moreover, each of the state law claims that Plaintiffs present may or should have been raised, if at all, in the State foreclosure proceeding.

Plaintiffs' claim for monetary damages or other relief under federal law fares no better. Plaintiffs allege that the defendants violated their rights arising under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, and their rights as protected by the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1601. For each of the alleged violations, Plaintiffs seek, among other things, rescission and monetary damages.

Congress passed RESPA to achieve the "elimination of kickbacks or referral fees" in the settlement process of residential home sales. 12 U.S.C. § 2601(b)(2). Plaintiffs contend that Defendant Cunningham & Company, CitiMortgage and Wells Fargo failed to disclose that each company would gain a financial benefit in connection with the sale or transfer of interest in the Property. (Compl. ¶ 146). Specifically, Plaintiffs argue that the "interest and income that Defendants have gained is disproportionate to the situation [Plaintiffs] find themselves in due to

[Defendants'] failure to disclose that they will gain a financial benefit while [Plaintiffs] suffer financially as a result of the loan product sold to [Plaintiffs]. (Id. ¶ 145). Section 2607 of RESPA provides as follows:

> (a) Business referrals
>
> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.
>
> (b) Splitting charges
>
> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

In the case of a private individual, a claim that a defendant received an unlawful fee or kickback in connection with the sale or other claimed interest in residential real property must be brought within one year "from the date of the occurrence of the violation . . ." Id. § 2614. In Plaintiffs' case, the Property was transferred from owner CitiMortgage to Defendants Habib and Haleem on or about April 14, 2015, by Special Warranty Deed and the same was filed with the Register of Deeds on April 29, 2015.[3] Plaintiffs' interest in the Property was terminated following the entry of the final order of foreclosure which of course occurred before the sale of Property during public auction in November 2014.[4] Plaintiffs' Complaint, however, was not filed until December 23, 2015.

---

[3] Any claim that Defendants Cunningham & Company or Wells Fargo violated Plaintiffs' rights falls well outside the applicable limitations period.

[4] The Deed conveying the property to CitiMortgage indicates that no upset bid was filed within 10 days of the sale as provided for under North Carolina law therefore the sale became final on or about Monday, November 16, 2014. (ROD, Book 29667, Page 344-45). See N.C. Gen. Stat. § 45-21.27(a).

4

(Compl. at 33). Accordingly, Plaintiffs' claim for relief under REHPA will be dismissed as untimely.[5]

Plaintiffs' claim for rescission for an alleged violation of TILA/HOEPA is likewise subject to dismissal as any claim for rescission must have been brought within "three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). Plaintiffs purchased the Property in 2008, therefore the claim for rescission will be dismissed as untimely. Plaintiffs' claim for monetary damages for an alleged violation of TIHLA/HOEPA will also be dismissed because the claim was filed well over one year after the right to rescind expired and after Plaintiffs lost any legal interest in the Property. Id. § 1640(e).

For the reasons stated, the Plaintiffs' Complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' motion to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).
2. Plaintiffs' motions for a temporary restraining order, preliminary injunction and declaratory relief are **DENIED**. (Doc. No. 3).

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. (Doc. No. 1).

The Clerk is directed to close this civil case.

**SO ORDERED.**

Signed: March 3, 2016

Robert J. Conrad, Jr.
United States District Judge

06) (providing that the district court may *sua sponte* roceed *in forma pauperis* under 28 U.S.C. § 1915).